UNITED STATES DISTIRCT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
CRISTIAN MERCHAN,

                            Plaintiff,

               -against-

SAW MILL LOFTS, LLC,

                            Defendant.

-----------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Civil Action No.: 16 CV 02300

**JURY DEMAND:** YES

Plaintiff, **CRISTIAN MERCHAN,** by his attorneys, **BLOCK O'TOOLLE & MURPHY, LLP,** complaining of the Defendant, respectfully alleges, upon information and belief, as follows:

**JURISDICTION**

1.     This Court has jurisdiction under 28 U.S.C. § 1332.

2.     Plaintiff and Defendant reside in different states.

3.     The amount of damages claimed herein exceeds $75,000.

4.     That at all times herein mentioned, the Plaintiff CRISTIAN MERCHAN was, and still is, a resident of the County of Essex, State of New Jersey.

5.     That this action falls within one or more of the exceptions set forth in CPLR §1602.

6.     That at all times herein mentioned, Defendant SAW MILL LOFTS, LLC, was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7.     That at all times herein mentioned, Defendant SAW MILL LOFTS, LLC, was and still is a foreign corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     That at all times herein mentioned, Defendant SAW MILL LOFTS, LLC, was and still is a limited liability corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.     That at all times herein mentioned, Defendant SAW MILL LOFTS, LLC, was and still is an unincorporated business duly organized and existing under and by virtue of the laws of the State of New York.

10.     That at all times hereinafter mentioned, Defendant SAW MILL LOFTS, LLC, maintained a principal place of business at the location of 100 Summit Lake Drive, Valhalla, NY 10595.

## FACTS/ALLEGATIONS

11.     That at all times herein mentioned, Defendant SAW MILL LOFTS, LLC, entered into an agreement and contract with Extreme Construction, Inc., by which Extreme Construction, Inc., was to provide certain work, labor, services with respect to certain work, repairs, construction and renovations to be conducted at the PROPERTY located at 425 Saw Mill River Road, County of Westchester, State of New York. (herein after called the "PREMISES").

12.     That at all times herein mentioned, Defendant SAW MILL LOFTS, LLC, hired and/or retained Extreme Construction, Inc., by which Extreme Construction, Inc., was to provide certain work, labor, services with respect to certain work, repairs, construction and renovations to be conducted at the Premises.

13.     On February 25, 2016 and at all times herein mentioned, the aforesaid Premises was owned by Defendant SAW MILL LOFTS, LLC.

14.      On February 25, 2016 and at all times herein mentioned, the aforesaid Premises was leased by Defendant SAW MILL LOFTS, LLC.

15.     On February 25, 2016 and at all times herein mentioned, the aforesaid Premises was rented by Defendant SAW MILL LOFTS, LLC.

16.     On February 25, 2016 and at all times herein mentioned, the aforesaid Premises was operated by Defendant SAW MILL LOFTS, LLC.

17.     On February 25, 2016 and at all times herein mentioned, the aforesaid Premises was managed by Defendant SAW MILL LOFTS, LLC.

18.     On February 25, 2016 and at all times herein mentioned, the aforesaid Premises was maintained by Defendant SAW MILL LOFTS, LLC.

19.     On February 25, 2016 and at all times herein mentioned, the aforesaid Premises was controlled by Defendant SAW MILL LOFTS, LLC.

20.     On February 25, 2016 and at all times herein mentioned, the aforesaid Premises was supervised by

Defendant SAW MILL LOFTS, LLC.

21.     On February 25, 2016 and at all times herein mentioned, the aforesaid Premises was repaired by Defendant SAW MILL LOFTS, LLC.

22.     On February 25, 2016 and at all times herein mentioned, the aforesaid Premises was inspected by Defendant SAW MILL LOFTS, LLC.

23.     On February 25, 2016 and at all times herein mentioned, Defendant SAW MILL LOFTS, LLC, was having construction work performed for a commercial purpose.

24.     On February 25, 2016 and at all times herein mentioned, Defendant SAW MILL LOFTS, LLC, was a general contractor for the work being performed at the Premises.

25.     On February 25, 2016 and at all times herein mentioned, Defendant SAW MILL LOFTS, LLC, was a construction manager for the work being performed at the Premises.

26.     On February 25, 2016 and at all times herein mentioned, Defendant SAW MILL LOFTS, LLC, its agents, servants and/or employees performed work, labor and services on the Premises.

27.     On February 25, 2016 and at all times herein mentioned, Defendant SAW MILL LOFTS, LLC, its agents, servants and/or employees were engaged in performing work, labor and/or services on the Premises.

28.     That at all times hereinafter mentioned, and on, or prior to February 25, 2016 the Plaintiff, CRISTIAN MERCHAN, was engaged in performing construction work, labor and/or services upon the aforementioned Premises.

29.     That the Defendant, SAW MILL LOFTS, LLC, its agents, servants and/or employees, had the duty to provide the Plaintiff with a safe place to work.

30.     That the Defendant, SAW MILL LOFTS, LLC, its agents, servants and/or employees, had the non-delegable duty to see that the work site was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

31.     That on or about February 25, 2016, the Defendant SAW MILL LOFTS, LLC, hired Extreme Construction, Inc. pursuant to written contract.

32.     That on or about August 11, 2014, the Plaintiff CRISTIAN MERCHAN, was on the Premises

working as an employee of Extreme Construction, Inc.

33.     On February 25, 2016 and at all times herein mentioned Defendant, SAW MILL LOFTS, LLC its agents, servants and or employees, had the duty to properly employ, operate and use equipment and any such elevation devices on the premises.

34.     On February 25, 2016 and at all times herein mentioned Defendant, SAW MILL LOFTS, LLC, its agents, servants and or employees, had the duty to maintain, inspect, supervise, clean and make safe the premises and appurtenances thereof, including, but not limited to, the non-delegable duty to see that the work site was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

35.     On February 25, 2016 and at all times herein mentioned defendant, SAW MILL LOFTS, LLC it's agents, servants and or employees, had the duty to provide proper and safe equipment to its agents, servants and/or employees and more particularly, Plaintiff, CRISTIAN MERCHAN.

36.     That the Defendant SAW MILL LOFTS, LLC their agents, servants and/or employees were negligent, reckless and careless in the ownership, operation, maintenance, control, possession, supervision, direction, construction, inspection, management, renovation, rehabilitation and/or alteration of the said premises in that they failed to provide the Plaintiff with a safe place to work; and the Defendant was otherwise negligent, reckless and careless.

37.     That the Defendant SAW MILL LOFTS, LLC their agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions existing upon the work site.

38.     That on or about February 25, 2016, while the Plaintiff CRISTIAN MERCHAN was lawfully and carefully working at a significant height above the ground on the exterior of a building on said Premises that was under construction, he was caused to sustain serious personal injuries when he was permitted to stand upon a box that was resting unsecured on the forks of a forklift when the box tipped, moved, shifted, slid out and/or fell, causing Plaintiff to fall to the ground below and suffer injuries.

39.     That the Defendant SAW MILL LOFTS, LLC afforded no proper fall protection to Plaintiff for the work Plaintiff was required to perform.

40.     That the accident, and the injuries resulting therefrom, were caused solely and wholly by reason of

the negligence of the Defendant SAW MILL LOFTS, LLC, and their agents, servants and/or employees without any

fault, want of care or culpable conduct on the part of the Plaintiff contributing thereto.

        41.      The Defendant, SAW MILL LOFTS, LLC, their agents, servants and/or employees were

negligent, reckless and careless in the ownership, operation, maintenance, control, possession, supervision,

direction, demolition, construction, inspection, management, renovation, rehabilitation and/or alteration of the said

Premises in that they failed to provide the Plaintiff with the proper elevation device and/or personal fall protective

devices with which to safely perform the elevated work required of Plaintiff, failed to provide a proper elevation

device, failed to provide a safe, stable elevated platform from which Plaintiff could perform his work, failed to

provide a safe place to work and/or failed to provide proper equipment to the workers, including the Plaintiff; the

Defendants were otherwise negligent, reckless and careless by virtue of, among other things: selecting and

employing unsafe means of erecting and/or constructing said building; selecting and implementing an unsafe design

and/or plan for erecting and/or constructing said building; failing to follow and/or deviating from safe and proper

plans and use of equipment; failing to properly operate, direct, control and/or supervise said construction; failing to

provide adequate instructions and/or supervision to construction workers at the Premises; otherwise failing to adhere

to and comply with safe construction standards and practices; failing to properly inspect, test, provide and utilize

safe and proper materials and equipment throughout the construction process; allowing, permitting and/or requiring

workers, including Plaintiff, to be elevated without the use of proper safety equipment; allowing, permitting and/or

requiring workers, including Plaintiff, to be elevated in devices operated in an improper, unsafe, dangerous, careless

and/or reckless manner; failing to check and/or inspect conditions at the Premises, including but not limited to, the

equipment and devices being used; failing to otherwise inspect the Premises, including but not limited to said

building and all work areas, on the date of the accident and prior thereto; failing to properly inspect the work at said

Premises on the date of the accident and prior thereto; failing to properly supervise the work at said Premises,

including but not limited to the operation of equipment and devices therein; failing to provide sufficient safety

instructions for performing work; selecting and employing an unsafe and/or defective means of elevating and

lowering workers and laborers from/to elevated locations to perform work; failing to maintain the work site in a

reasonably safe condition; causing, permitting and/or allowing the Premises to be, become and remain in a

dangerous and unsafe condition; failing to take any timely or reasonable steps to correct, maintain, remediate, remove, repair, warn and/or instruct of the existence of dangerous and defective conditions, equipment or equipment use on the Premises; failing to notify workers, and particularly Plaintiff, of the dangerous, defective and unsafe conditions, equipment or equipment use on the Premises; failing to otherwise provide proper reasonable warnings of dangerous and unsafe condition(s) on the Premises; failing to take such necessary and reasonable precautions to prevent the happening of the occurrence; violating the applicable provisions of the Labor Law of the State of New York and the Industrial Code of the State of New York as they pertain to construction; and otherwise being careless, negligent, grossly negligent and/or reckless with respect to the construction site and work on the Premises.

42.     That because of the above stated occurrence and negligence, carelessness and recklessness of the Defendants, Plaintiff, CRISTIAN MERCHAN was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur and will continue to incur expenses for medical care and attention; and, as a further result, Plaintiff was and will continue to be rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom and was otherwise damaged.

## STATUTES VIOLATED

43.     That on February 25, 2016, there existed, in full force and effect, within the State of New York, Section 200 of the Labor Law of the State of New York.

44.     That by reason of the negligence of the Defendant as aforesaid, the Defendant violated Section 200 of the Labor Law of the State of New York.

45.     That by reason of the foregoing, the Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

46.     That on February 25, 2016, there existed, in full force and effect, within the State of New York, Section 240(1) of the Labor Law of the State of New York.

47.     That by reason of the negligence of the Defendant as aforesaid, the Defendant violated Section 240(1) of the Labor Law of the State of New York.

48.     That by reason of the foregoing, the Plaintiff has been damaged in a sum which exceeds the

jurisdictional limits of all lower courts which would otherwise have jurisdiction

49.     That on February 25, 2016, there existed, in full force and effect, within the State of New York, Section 241(6) of the Labor Law of the State of New York.

50.     That by reason of the negligence of the Defendant as aforesaid, the Defendant violated Section 241(6) of the Labor Law of the State of New York.

51.     That by reason of the foregoing, the Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

52.     That on February 25, 2016, there existed, in full force and effect, within the State of New York, Rule 23 of the Industrial Code of the State of New York.

53.     That by reason of the negligence of the Defendant as aforesaid, the Defendant violated various sections of Rule 23 of the Industrial Code of the State of New York.

54.     That by reason of the foregoing, the Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

55.     This action falls within one or more of the exemptions set forth in CPLR §1602.

## REQUEST FOR RELIEF

Plaintiff demands judgment against the Defendant herein, in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action, in an amount exceeding $75,000.00.

Dated:          New York, New York
                March 28, 2016

                                        Yours, etc.

                                        _____
                                        DAVID L. SCHER (DS 0549)
                                        BLOCK O'TOOLE & MURPHY, LLP
                                        Attorney for Plaintiff
                                        CRISTIAN MERCHAN
                                        One Penn Plaza, Ste. 5315
                                        New York, NY 10119
                                        Our File No. 4097